UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COKeM INTERNATIONAL, LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>RIVERDEEP, INC.<br><br>          Defendant.<br><br>RIVERDEEP INTERACTIVE LEARNING, LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>COKeM INTERNATIONAL, LTD., and CHARLES BOND,<br><br>          Defendants. | Case Nos. 06-CV-3331 (PJS/RLE)<br>06-CV-3359 (PJS/RLE)<br><br><br><br><br>ORDER |

Phillip A. Cole and Timothy C. Matson, LOMMEN, ABDO, COLE, KING & STAGEBERG, PA, for COKeM International, Ltd. and Charles Bond.

Irwin B. Schwartz and John V. Komar, BUSINESS LITIGATION ASSOCIATES, PC, for Riverdeep Interactive Learning, Ltd. and Riverdeep, Inc.

This matter is before the Court on two motions: the motion of COKeM International, Ltd. and Charles Bond (collectively "COKeM") to confirm a partial arbitration award and the motion of Riverdeep Interactive Learning, Ltd. and Riverdeep, Inc. (collectively, "the Riverdeep parties") to vacate the award. For the reasons set forth below, both motions are denied as premature.

I.   BACKGROUND

Riverdeep Interactive Learning, Ltd. ("RIL") is an Irish company that develops software. Riverdeep, Inc. ("Riverdeep") is RIL's American subsidiary. COKeM International, Ltd. is a Minnesota company that distributes software that it obtains from numerous sources. Charles Bond is the president and CEO of COKeM.

COKeM previously had an OEM Licensing Agreement with Riverdeep pursuant to which COKeM manufactured and sold RIL-copyrighted software. At various times, COKeM has also purchased RIL-copyrighted software from third parties, as well as from Riverdeep itself, for retail distribution. The parties are now engaged in a dispute over certain of COKeM's sales of these products.

On December 21, 2006, the Court entered an order, pursuant to the parties' stipulation, referring all of the parties' claims and counterclaims relating to their current dispute to arbitration. The Riverdeep parties thereafter brought five claims in arbitration: copyright infringement, breach of contract, trademark infringement, unfair competition, and interference with contract. COKeM counterclaimed for breach of contract, breach of the duty of good faith, breach of warranty of title against infringement, unjust enrichment, and declaratory judgment.

On April 1, 2008, the arbitrator rendered an opinion on what he described as two "threshold" legal issues that directly affected only parts of one claim — specifically, RIL's claim of copyright infringement.[1] Specifically, the arbitrator found that (1) RIL has no standing to pursue its copyright claim to the extent that the claim relates to COKeM's sales of titles that

---

[1] Although the Riverdeep parties' arbitration demand suggests that both RIL and Riverdeep are asserting a copyright claim, the Riverdeep parties clarified, at oral argument, that only RIL asserts a copyright claim.

Riverdeep had previously licensed to a company called Encore Software, Inc., and (2) the "first sale" doctrine bars RIL's copyright claim to the extent that the claim relates to (a) COKeM's sales of software that COKeM manufactured pursuant to its OEM License Agreement and (b) COKeM's sales of software that COKeM purchased from a company called Big Island Publishing. After ruling on these issues, the arbitrator noted that many issues and claims remain outstanding, including the portions of RIL's copyright claim that are *not* defeated by his legal rulings.

On May 1, 2008, COKeM filed a motion in this Court to confirm the arbitrator's April 1 opinion. Thereafter, on May 30, 2008, the arbitrator issued an "Award and Order" that denied the Riverdeep parties' motion for reconsideration of the April 1 opinion and stated that "[t]he Opinion was intended to be a final Arbitration Decision on two threshold issues, and there is nothing in Claimants' Motion considered in light of Respondents' Reply that would cause the Arbitrator to reconsider."

## II. ANALYSIS

Under 9 U.S.C. § 9, a party to an arbitration governed by the Federal Arbitration Act ("FAA") may apply to a court for an order confirming "the award made pursuant to the arbitration . . . ." The Riverdeep parties argue that the Court lacks jurisdiction to confirm the April 1 opinion because it is not a final award.[2]

---

[2] The Riverdeep parties rely primarily on the argument that the April 1 opinion is not ripe for review, and only secondarily on the argument that the opinion should be vacated. The Riverdeep parties agree that, should the Court find that it lacks jurisdiction to confirm the opinion, the Riverdeep parties' current motion to vacate should also be denied as premature.

The FAA does not define "the award" nor expressly require that it be final before a district court may confirm it.  But courts have recognized a general rule that, for federal jurisdiction to be proper, the award must finally determine all of the claims and defenses submitted for arbitration, including the issue of damages.  *See Local 36, Sheet Metal Workers Int'l Assoc., AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949-50 (8th Cir. 1992)[3]; *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (under the FAA, district courts do not have the power to review an interlocutory ruling by an arbitrator).

But COKeM points out that the FAA itself permits an appeal from a district court order "confirming or denying confirmation of an award or partial award," thus implicitly recognizing that district courts have the power to review at least some partial awards.  9 U.S.C. § 16(a)(1)(D).  Consistent with this statutory provision, COKeM argues, various courts have recognized various exceptions to the finality rule.  *See, e.g.*, *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 235 (1st Cir. 2001) (where parties agreed to bifurcate the issues of liability and damages, the arbitrator's ruling on liability was a "final" partial award that was subject to district court review); *Pac. Reins. Mgmt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019, 1022-23 (9th Cir. 1991) (interlocutory order in the nature of a preliminary injunction was subject to district court review); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986) (award that finally and definitely disposed of a separate, independent claim could be confirmed even though it did not dispose of all claims that were submitted to arbitration).  *See generally* James M. Gaitis, *The Federal Arbitration Act: Risks and Incongruities Relating to the Issuance of Interim*

---

[3]*Pevely* was decided under federal labor law rather than under the FAA.  The Eighth Circuit has relied on *Pevely* in FAA cases, however.  *See Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) (citing *Pevely*).

*and Partial Awards in Domestic and International Arbitrations*, 16 Am. Rev. Int'l Arb. 1, 29-52 (2005) (outlining the development of exceptions to the finality rule).

COKeM asserts that, under this line of cases, any ruling or decision is "final" and subject to confirmation if (1) the parties agreed to submit that issue separately to the arbitrator (even if the parties did not agree that the issue could be separately reviewed by a court) and (2) the arbitrator intended for his decision on that issue to be final. Here, COKeM argues, the April 1 opinion is ripe for review because the parties agreed to submit two threshold issues to the arbitrator and the arbitrator clearly intended his decision on those issues to be final. *Cf. Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) (whether the award indicates that it is final and whether the arbitrator intended it to be final are factors in determining whether the award is final).

As far as the Court is aware, the Eighth Circuit has not recognized any exception to the finality rule.[4] Yet COKeM urges this Court not only to adopt *an* exception, but to adopt the most far-reaching of the exceptions recognized in any jurisdiction. Specifically, COKeM argues that a court should immediately review any decision of an arbitrator on any claim or defense as long as the parties agreed to submit that claim or defense separately to the arbitrator and as long as the arbitrator's ruling on that claim or defense is final. As COKeM would have it, a court might be

---

[4]In *Legion Insurance*, the Eighth Circuit stated that, for purposes of applying the common-law doctrine of *functus officio*, an award need not be final in all respects. 198 F.3d at 720. Assuming (as some courts have found) that the doctrine of *functus officio* is coextensive with the concept of "finality" for purposes of judicial review, this could suggest that the Eighth Circuit would find that an award may be reviewable even if it is not final in all respects. But even if that is the case, *Legion Insurance* would not support a finding of jurisdiction here, where the arbitrator addressed only partial defenses to only one claim — that is, where the arbitrator did not resolve *any* claim in its entirety and has resolved *nothing* with respect to nine of the ten claims. *Id.* ("An award cannot be final if significant issues still need to be determined.").

called upon to review dozens of rulings — one by one — over the course of a single arbitration. For obvious reasons, the Court is extremely reluctant to approve of such a burdensome procedure.

Even if the Court were to adopt this capacious exception to the finality rule, it is doubtful that the April 1 ruling would fall within it. The language in some judicial opinions is quite broad, but there does not appear to be any case in which a court has confirmed an "award" like the one at issue here. The April 1 opinion — although fashioned as a "partial award" — does not award anything to anyone. Indeed, it does not even dispose of the copyright claim to which it relates, and it does not affect the other nine claims in any way. At most, the opinion finds that two defenses apply to *parts* of a single claim. Exactly what parts is not clear, as the opinion does not make any factual findings that would identify particular sales that are or are not immunized by these defenses. And, of course, the ruling leaves open the question of liability on sales that are not immunized by the two defenses. It is difficult to understand how the arbitrator's resolution of these two threshold legal issues can be considered an "award" at all. *Cf. Zeiler v. Deitsch*, 500 F.3d 157, 169 & n.11 (2d Cir. 2007) (finding that eight accounting orders entered over the course of an arbitration were properly confirmable as final orders because they "require specific action" and "are not segments of a future conclusive award, nor are they determinations required for furtherance of the arbitration").

In sum, to find jurisdiction to confirm or vacate the April 1 award would be a stretch even under the broadest exception recognized outside of the Eighth Circuit. Moreover, although the Eighth Circuit may very well recognize some exceptions to the finality rule, it seems unlikely

that the Eighth Circuit will adopt the broad exception urged by COKeM here.  COKeM's motion to confirm, and the Riverdeep parties' motion to vacate, are therefore denied as premature.

That said, the Court notes that, when the merits of COKeM's motion are properly brought before it, the Court will almost certainly confirm the arbitrator's decision.  Under the FAA, the scope of a district court's review of an arbitration award is extraordinarily narrow — "among the narrowest known to the law."  *Manion v. Nagin*, 392 F.3d 294, 298 (8th Cir. 2004) (citations and quotations omitted).  Section 9 of the FAA requires a court to grant an order confirming the award unless the award is vacated, modified, or corrected under §§ 10 or 11, which provide the exclusive grounds for vacatur and modification.  *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1403 (2008).

The Riverdeep parties argue that the arbitrator "exceeded [his] powers" within the meaning of § 10(a)(4) because he ignored clear language in some of the contracts relevant to the issues in this case.  The Court is doubtful that, after *Hall Street*, ignoring clear language in a contract fits within the meaning of "exceeded [his] powers" under § 10(a)(4), particularly in a case in which the contractual language which the arbitrator allegedly ignored is not found in the contract containing the arbitration clause.

But even assuming that this remains a proper ground for vacatur after *Hall Street*, there appears to be no basis for vacatur in this case.  The arbitrator did not ignore any language in any contract.  Instead, he held that RIL is unable to enforce its copyrights for reasons that have nothing to do with the meaning of contractual provisions.  As to the standing issue, the arbitrator essentially applied the doctrine of equitable estoppel (or piercing the corporate veil) in refusing to permit RIL and Riverdeep to rely on their separate corporate identities to perpetrate an injustice.

As to the first-sale issue, the arbitrator based his decision on his interpretation of the Copyright Act — and, in particular, on his understanding that what mattered for purposes of the Act was the substance of a transaction and not its form.

The Court has no power to review the merits of these legal rulings.  *Hall Street*, 128 S. Ct. at 1404 (the FAA does not provide for general review of an arbitrator's legal errors); *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.*, 531 F.3d 679, 683 (8th Cir. 2008) ("Under the FAA, a district court may 'modify or vacate' an arbitration award on grounds principally relating to egregious conduct by the arbitrator but *unrelated* to the merits.").  If and when the Riverdeep parties renew their attempt to vacate the arbitrator's rulings, they will face an uphill battle.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of COKeM International, Ltd. and Charles Bond to confirm partial arbitration award [Docket No. 96] is DENIED WITHOUT PREJUDICE.

2. The motion of Riverdeep Interactive Learning, Ltd. and Riverdeep Inc. to vacate [Docket No. 100] is DENIED WITHOUT PREJUDICE.

3. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above cases are consolidated into a single action for all purposes.  From the date of this order, all documents shall be filed in Case No. 06-CV-3331 (PJS/RLE).  Case No. 06-

CV-3359 (PJS/RLE) will remain open pending the resolution of Case No. 06-CV-3331 (PJS/RLE) or until further order of the Court.  All motions currently pending in Case No. 06-CV-3359 (PJS/RLE) will be terminated.  The parties are directed to use the caption that appears in the beginning of this Order.

Dated: September 24, 2008			s/Patrick J. Schiltz
						Patrick J. Schiltz
						United States District Judge